# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 27, 2007

133104 & (21)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

RICHARD JOSEPH MARTH,
     Defendant-Appellant.

SC: 133104
COA: 273534
Oakland CC: 2006-206787-FH

_____/

On order of the Court, the motion to remand to the trial court is DENIED. The application for leave to appeal the December 27, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for reconsideration of its order. We note that the defendant filed a timely post-conviction motion and did not purport to file a motion for relief from judgment, and that the trial court did not address the defendant's motion under MCR 6.501 et seq. On remand, the Court of Appeals shall reconsider whether its order properly denied the defendant's application for leave to appeal for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Within 28 days of the date of this order, the Court of Appeals shall either reconsider the defendant's application for leave to appeal under the standard applicable to direct appeals and decide whether it shall be granted, or submit to the Clerk of this Court, in writing, an explanation of why its order denied leave to appeal under MCR 6.508(D).

We retain jurisdiction.

KELLY, J., concurs and states as follows:

The Court of Appeals erred in denying, under MCR 6.508(D), defendant's application for leave to appeal. The defendant filed a timely postconviction motion in the trial court and did not purport to file a motion for relief from judgment. His first and only application for leave to appeal was timely filed in the Court of Appeals pursuant to MCR 7.205(F)(4). Therefore, I would vacate the order of the Court of Appeals and remand the case to the Court of Appeals for reconsideration of the defendant's application for leave

to appeal under the standard applicable to direct appeals. Because the Court of Appeals clearly erred, it is unnecessary for the Court of Appeals to reconsider whether it properly denied the defendant's application for leave to appeal for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 27, 2007

Clerk

d0724